## ANTOINE AUDRICH *v.* CLEMENTINE LAMOTHE et al.

The wife who had obtained a separation of her property from her husband in his lifetime, in order to exercise the right of accepting the community, is bound, on the death of her husband, to cause an inventory to be made. .

The law presumes the acceptance of the community by the wife, when it is dissolved by the death of the husband, but where it had been previously dissolved by a judgment of separation of property, the renunciation by the wife is presumed if, at the death of the husband, she does not cause an inventory to be made.

Notwithstanding such implied renunciation, the concealment by her, or making away with any of the effects of the community, would render her liable as a partner.

APPEAL from the District Court of Lafourche, *Randall*, J. *Beatty & Bush*, for plaintiff and appellant. *J. J. Roman* and *C. Belcher*, for defendants.

VOORHIES, J. The plaintiff, a creditor of the succession of the late *Jacques Folse*, seeks to make the defendants, the widow and heirs of the deceased, liable for the payment of his claim, on the allegation that they have taken and retained possession of the property and effects of the estate of said deceased.

It is shown by the evidence that, on the 1st of June, 1849, the widow obtained a judgment against her husband, *Jacques Folse*, for a separation of property and the recovery of a certain tract of land and slaves, which she claimed as her separate property, and also for the recovery of the sum of. $394 09, the value of her movables. Her judgment was duly published in a newspaper, but its execution was not followed by a writ of possession or *fieri facias* in consequence of the death of her husband, which took place shortly afterwards. Her title to the land and slaves, recognized by the judgment as her separate property, is however not questioned in this case. The tract of land upon which she has been living upwards of twenty-five years is her patrimonial estate. Since the date of her judgment she has been making crops thereon with her own slaves, buying stock, mules, &c. For the last two years previous to his death, her husband lived apart from her on his own land. Her children continued to live with her. After his death it does not appear that his widow or children ever took any steps to have an inventory made of his property and effects, or an administrator of his estate to be appointed.

There is no evidence to show that the heirs have accepted the succession, either expressly or tacitly; hence they are clearly not liable for the payment of the debts.

But it is argued, as regards the widow, that the mere fact of not having had an inventory made within the legal delays has rendered her responsible for the debts of the community. It is clear that her judgment, not impugned by the pleadings, must have its effect. C. C. 2403. The question then arises whether, under these circumstances, it was her duty to have had an inventory made, in

order to preserve the faculty of renouncing the community of acquets and gains.

The Civil Code evidently makes, we think, a distinction between the surviving spouse who has obtained a judgment of separation of property and the one who has not. It is the duty of the former to cause an inventory to be made, in order to exercise the right of accepting the community, if such be her interest; whilst the latter must comply with this formality, in order to secure to her the privilege of renouncing it. In other words, the law presumes the acceptance of the widow when the community has been dissolved by the death of the husband; and the presumption of renunciation takes place when a judgment of separation has put an end to to the community. C. C. 2382, 2404.

"Jusqu'à déclaration contraire faite par elle dans les formes et sous les conditions voulues, elle est ici présumée acceptante, et cette qualité lui est définitivement imprimée à défaut de l'accomplissement de ces conditions dans le délai fixé; tandis que, dans l'autre cas, (where a judgment of separation has been obtained,) c'est la renonciation qui se présume jusqu'à déclaration contraire, et *qui demeure définitive à défaut de déclaration*." 5 Marcadé, p. 597, § 1.

Article 2404 of our Code is borrowed from the Napoleon Code, and differs from it in this respect, that the former uses the words: "The wife who has obtained the *separation of property* may nevertheless," &c., whilst the latter speaks of "la femme divorcée ou séparée de corps." Yet Marcadé holds that this Article applies also to the wife separated in property, and that the presumption is established in her case. He says: "Nous avons dit que notre article, bien qu'il ne parle que de la séparation de corps, s'applique également au cas de séparation de biens, dont la loi paraît n'avoir pas songé à parler ici, sans doute parce qu'elle venait de s'en occuper longuement dans la section précédente, et que l'applicabilité de l'article à ce cas était d'ailleurs chose évidente et découlante par *a fortiori* du cas de séparation du corps. 5 Ib. p. 606. § 3.

Although there is some diversity of opinion in France, as to the application of the presumption of renunciation where the widow is separated from her husband only in property, yet there exists none in cases of separation from bed and board and divorce. The whole difficulty may be considered as done away with by the change introduced in our Code, the words "la femme qui est séparée de biens," being substituted for "*la divorcée ou separée de corps.*"

By presumption of law *Mrs. Folse* had renounced the community of acquets and gains, and having failed to have an inventory made, she has forfeited the right of accepting. Notwithstanding such implied renunciation, the concealment or making away with any of the effects of the community would, however, make her liable as a partner. C. C. 2387.

But there is no allegation in the plaintiff's petition of any such concealment or making away with any of the effects. Hence the objection to the evidence in relation to the sugar-mill was well taken by the defendants on the trial below, and we have disregarded it.

It is, therefore, ordered that the judgment of the court below be affirmed, with costs.