SUCCESSION OF ALEXANDER EWING, ANN CANNON, WIDOW ALEX. EWING, *v.* JOHN ALTMEYER, Curator, AND C. HUNT, Attorney absent heirs.

> Where a marriage has been dissolved by a judgment of divorce, if either party brings suit to recover his or her share of the community property, it must be shown that he or she accepted the community within the legal delays, after its dissolution by the sentence of divorce; otherwise the pretensions are without foundation in law.

APPEAL from the Second District Court of New Orleans, *Morgan*, J. *M. Grivot*, for plaintiff. *J. V. F. & J. B. Cotton*, for curator and appellant. *C. Hunt* and *Clarke & Bayne*, for absent heirs and appellant.

DUFFEL, J. *Ann Cannon*, the wife of *Alexander Ewing*, sued her husband for a divorce on the 18th of January, 1847, and obtained the divorce by a final judgment rendered on the 8th of February, 1847.

The parties had lived apart from each other three years before the divorce, the wife in New Orleans, and the husband in the parish of Jefferson.

*Alexander Ewing* acquired by purchase a slave, on the 1st of February, 1847, and a lot of ground on the 4th of May, 1848; and he died in August, 1859. His divorced wife, alleging that her husband had died intestate, without descendants or ascendants, claims one-half of his succession as widow in community, and the other half as usufructuary, under the Act of 1844. It is neither alleged nor proved, that she had accepted the community after its dissolution by the sentence of divorce.

The District Judge decreed to the plaintiff the undivided half of the slave. We consider that her pretensions are without any foundation in law. C. C. 151 2406, 2389; *Antoine Audrich* v. *Clementine Lamothe et al.*, 12 An. 76.

It is, therefore, ordered, that the judgment of the District Court be reversed, and that the demand of *Ann Cannon*, the divorced wife of the late *Alexander Ewing*, be rejected, at her costs in both courts.

LAND, J., absent.