The opinion of the court was delivered by
Nioholls, C. J.
A certain piece of land in the parish of Richland containing one hundred and twenty acres, more or less; also ohe horse, two mares, four mules, one wagon and one buggy, having been seized by the sheriff of that parish in execution of a writ of fi. fa. in the case of Mrs. Carrie' P. Myers vs. James L. Spencer, the seized debtor enjoined the sale of the land, of the horse and of the wagon and demanded a release of the same with damages on the ground that they were exempt from seizure and sale under Arts. 219 and 220 of the Constitution of the State and Act No. 114 of 1880, as the said property had been set aside and recorded as a homestead. Plaintiff in execution answered the petition, denying that Spencer had any legal or just grounds for the injunction. She admitted that the sheriff seized the property, but denied that the same is exempt under the homestead laws of the Stste. She denied that her debtor ever complied with the conditions prescribed by law for securing the homestead exemption and averred that the declaration filed by him more than ten years before was defective, insufficient and void. She specially denied that the horse and wagon, the sale of which is enjoined, are contained in or described by said declaration.
She further averred that Spencer abandoned and forfeited all right to claim said property as a homestead by having his wife to sue him for a separation of property and obtaining a judgment dissolving the community and decreeing him io be indebted to her for a large sum, under which judgment he attempted to transfer to her all his property not covered by the homestead claims, thereby committing a *1211 fraud on the seizing creditor and rendering it impossible for her to collect the debt due the succession of Myers by the community of which Spencer was the head and master. She specially denied plaintiff’s right to claim a homestead in the land held in indivisión by him with his wife after the dissolution of the community, and the legality, justice and good faith of his claim to a homestead after there had been a separation of property collusively entered into between him and his wife, for the purpose of placing a part of his property beyond the reach of his creditors. She averred that all the proceedings in the suit for separation and in an injunction taken out in the District Court for Richland by the wife against the sale of the four mules seized as being her separate property, under the act of transfer mentioned, were instigated and carried on under the direction of Spencer, and he is estopped in law and morals from asserting or claiming-a homestead exemption on the community property, and denied that, he is entitled to the same on any ground whatsoever. She prayed that plaintiff’s demand be rejected, the injunction dissolved, and that she have judgment in reconvention against Spencer and the surety on his bond in solido, for twenty per cent, on the amount of the writ enjoined, as special damages, and ten per cent, thereon as general damages. The sheriff, who had been made a party, averred he had no interest in the litigation; that he was proceeding regularly with the execution of a legal writ when enjoined. He prayed that plaintiffs demand against him be rejected.
On trial the District Court rendered judgment perpetuating the injunction. The seizing creditor has, under the amendment to Art. 81 of the Constitution, brought the case before this court on appeal. Appellee has filed an answer, praying that the judgment be amended so as to allow him one hundred dollars damages for attorney’s fees.
A certified copy of the declaration of homestead made by plaintiff injinjunction, together with the certificate of its registry in the parish of Richland, is in the record.
It seems to conform to the requirements of the articles of the Constitution and to the provisions of Act No. 114 of 1880. Defendant in injunction declares it to be “defective, insufficient and void,” but we have not been informed, either in the argument or the brief of counsel, upon what this assertion is based. The only departure from Art. 219 of the Constitution which we notice, is the placing of a mule upon the exemption list instead of a “work horse.” It is not *1212 claimed that Spencer’s wife, either at the time of the declaration of the homestead or since, has had property of her own sufficient in value to deprive her husband of his right of exemption. The property which she owned at the time of the seizure seems to have consisted exclusively of four mules (among which isthe one referred to in the declaration of homestead) transferred to her by her husband in payment of the judgment which she obtained against him in restitution of paraphernal funds of the wife received by him, and converted to his own use.
The Constitution contemplates the possibility of the co-existence of a right by the husband to a homestead with ownership of paraphernal property by the wife, provided the value of the paraphernal property be under two thousand dollars.
The evidence shows that at the time of the declaration of homestead Spencer owned four mules, of which three died, but that he replaced these three by others. That not long before the seizure in the present suit Mrs. Spencer instituted a suit against her husband for a separation of property, praying for a moneyed judgment against him for moneys of hers alleged to have been received by him, and converted to his own use. That she obtained judgment in conformity to her prayer, and that in satisfaction of this judgment the four mules owned by her husband were transferred to¡ her, and are now used in the cultivation of the farm. ' It is claimed that all the proceedings in the suit for separation were collusively carried on for the purpose of placing a part of his property beyond the reach of his creditors and of committing a fraud on defendant in injunction by putting it out of her power to collect the.debt due the succession of Myers by the community of which James L. Spencer was the head, and that they were instigated and carried on under the direction and control of the husband. The reality of the claims of the wife against the husband is not disputed. No attack upon the judgment is made.
The wife is not a party to this suit. The contention as made is that she could not and should not legally, in good morals and equitably, enforce her judgment in view of the exemptions claimed by the husband, and the existence of debts due by him to other parties.
The main reliance of appellant for reversal of the judgment is in •successfully holding, that the dissolution of the community between Spencer and wife (brought about by the judgment of separation) *1213 had as its effect to destroy the right of exemption asserted in the declaration. The theory upon which this result is based is that the dissolution of the community operated ipso faoto a change from ownership of the property in its entirety by the community to joint ownership by each of the two spouses of an undivided one-half interest therein. That by reason of the ownership being no longer of the property in its entirety, and of the fact that the homestead exemption can not be made to cover undivided joint interests, the homestead in this ease ceased to exist.
The seizing creditor has overlooked the fact that the acceptance or renunciation of the community of acquets and gains by the wife is a matter resting entirely upon her own will, and that where it is dissolved by reason of a separation of property both allegation and proof that she has accepted are necessary to be made to justify a court in dealing with her interests or those of the husband from that standpoint. Herman vs. Theurer, 11 An. 70; Andrich vs. Lamothe, 12 An. 76; C. C. 2420.
Under such circumstances the presumption is that she has renounced. It is not alleged nor proved that Mrs. Spencer has accepted the community. The renouncing wife stands quoad the community.as a third person. Lombas vs. Collet, 20 An. 80. She is not prejudiced in her legal rights by any moral obligation which it may be supposed rests upon her to see that .her husband’s debts to others be paid. The wife, so far from this, in dealing with her husband in reference to her property rights, is often upheld and protected where dealings of like character between the husband and one of her creditors, under similar circumstances and conditions would be liable to be set aside as fraudulent.
Mrs. Spencer either had or had not legal rights against her husband's property. If she had and enforced them legally, her motives in exercising them play no part in this controversy.
If she had not legal rights or did not enforce them legally the remedy which the seizing creditor should have pursued was to have attack the judgment and the transfer under it as illegal, fraudulent or unreal,, have it set aside and the property covered by the transfer subjected to the satisfaction of her claim. A fraudulent judgment and a. fraudulent, simulated or illegal transfer could be set aside. The legal result of their having been resorted to by the spouses would not be the destruction of the homestead rights to which they were entitled *1214 under the law and the Constitution. We see no reason for enjoining the sale of the horse which was seized in this case. It was not included in the exemption lisV which was recorded, and besides this there has been no attempt made to show that it was a work horse. We think the injunction as to it should have been dissolved. Each side should pay its own attorney’s fees. For the reasons herein assigned it is ordered, adjudged and decreed that the judgment appealed from be and the same is hereby amended by dissolving the injunction which issued in this case as to the horse seized, but that otherwise it stands affirmed. Cost of appeal to be paid by appellee.