## YOUNG v. RAPIER.

(Circuit Court of Appeals, Fifth Circuit. May 9, 1899.)

### No. 802.

1. COMMUNITY PROPERTY—RECOVERY FROM ESTATE OF FORMER HUSBAND.
   There can be no recovery of specific property, as part of the community, in an action by a divorced wife against the estate of her former husband, where it does not appear that the property is in the possession of, or in any wise claimed by, defendant.

2. SAME—INCREASE OF SEPARATE PROPERTY BY USE OF COMMUNITY FUNDS.
   To entitle a divorced wife to a share in the increased value of her husband's separate property caused by the expenditure of community funds, the amount of such expenditure must be shown.

3. SAME—FAILURE OF DIVORCED WIFE TO ACCEPT COMMUNITY.
   Where the only evidence that a divorced wife had accepted the community was that of a futile suit to have the divorce annulled, and a suit to have her decreed the owner of an undivided one-half interest in property claimed to have been acquired during the community, commenced more than 20 years after the divorce, she will be presumed to have renounced the community, under Rev. Civ. Code La. art. 2420, providing that a divorced wife who has not accepted the community within the delays fixed is supposed to have renounced the same, unless she has within the term obtained a prolongation.

In Error to the Circuit Court of the United States for the Eastern District of Louisiana.

Mrs. Jennie Bronson (now the wife of Henry J. Young) was married to Alva M. Holbrook, in the city of New York, on the 25th day of June, 1864. Holbrook was domiciled in the city of New Orleans. On the 20th day of December, 1871, upon a petition filed in November of that year, a decree of divorce was pronounced in the Eighth district court for the parish of Orleans,

dissolving the bond of matrimony theretofore existing between these persons. Holbrook married, subsequently, on the 18th day of May, 1872, Mrs. Eliza J. Poitevent. Holbrook died January 1, 1876, without issue; having by last will instituted his wife, Eliza J. Poitevent, as his sole heir, and appointed her testamentary executrix. The will was duly proved, and on January 22, 1876, Mrs. Poitevent was qualified as testamentary executrix, and directed to take an inventory; and on the 26th day of January, 1892, she was placed in full possession of all property and effects of said Holbrook, deceased. On the 28th day of June, 1878, Mrs. Poitevent, the widow of Holbrook, married George Nicholson. Of this marriage, two children were born. George Nicholson died. His heirs were sent into possession of his estate. Then Mrs. Nicholson died, and her heirs, Leonard and Yorke Nicholson, minors, were sent into the possession of her estate, through Thomas G. Rapier, their tutor, the defendant here. This suit is brought by Jennie Bronson (now Mrs. Young), claiming that there was certain real estate acquired during the community which existed between her and her husband A. M. Holbrook, and describing the same, and praying to be decreed the owner of an undivided one-half interest therein. She also claims a one-third interest in the Picayune newspaper plant, or $50,000, the value thereof, as gains during the existence of the community. The answer to the suit pleads the general denial, the dissolution of the community, that the property described in the petition was not commu'ty property of A. M. Holbrook and Jennie Bronson, and that Jennie Bronson, after the dissolution of the community of acquets and gains, had renounced any right therein that she may have acquired during the marriage. The defendant pleads that all the matters and things set up by the plaintiff have been passed upon in the state courts (setting out the suits by number and title), and that these suits had been finally decided against the plaintiff. Defendant then pleads the prescription of one, two, five, and ten years, and the staleness of the plaintiff's demand. The cause came on to be heard before Judge Boarman and a jury, and at the trial, after the plaintiff's evidence was all presented, upon motion of defendant's counsel the judge directed a verdict for the defendant, and upon that verdict is entered a judgment rejecting plaintiff's demand; and the plaintiff has sued out this writ. The first offer by the plaintiff was the judgment of the Eighth district court for the parish of Orleans, showing the judgment of divorce, which was dated December 20, 1871. The second offer is a certificate of marriage of the plaintiff with her present husband, Henry J. Young, dated September 20, 1884. The third offer was the proceedings in the supreme court of Louisiana in the suit of Jennie Bronson, praying for a decree annulling the judgment of divorce, which resulted in a judgment against her. In this connection is offered the printed report of the opinion and decree of the supreme court upon the petition of plaintiff, as found in 25 La. Ann. 51; also, opinion and decree in 32 La. Ann. 13. The next offers (4 to 7, inclusive) are copies of acts of sales of several properties to Alva M. Holbrook. They refer to property that was acquired by Holbrook many years prior to his marriage with Jennie Bronson. The properties described in the offers 8 and 9 relate to property acquired by Holbrook during his marriage with Jennie Bronson. The offer 10 (the record of the succession of Alva M. Holbrook) shows the last will and testament of Holbrook, the judgment of the court recognizing his widow as his universal legatee, and the judgment of the court sending her into the possession of the estate. The offer 11 is the record of the proceedings in the matter of the Succession of Eliza J. Nicholson. The inventory in this estate shows the property possessed by Mrs. Nicholson at her death, and succinctly states the history of the title of such real estate as is therein described. In this inventory are mentioned two pieces of property which were acquired by Mrs. Nicholson of her husband A. M. Holbrook, but at the same time it shows that Holbrook acquired these properties long anterior to the marriage with Jennie Bronson. The plaintiff testified in her own behalf, among other things, as follows: "As to the amount of property possessed by A. M. Holbrook at the time of our marriage and domicile in New Orleans, and its value, I have no means of knowing, nor of what it consisted, except that we had real estate and personal property. On the 28th of November, 1871, as far as it is possible for me to state, the property, real and personal, had largely increased,

as during the existence of our marriage he had acquired the interest of the various partners associated with him. This particularly applies to the real estate in the First district of the city of New Orleans, No. 66 Camp street, with improvements, and No. 19 Bank alley, also including buildings, also a two-thirds interest in the plant, good will, and business of a paper known as the New Orleans Picayune, published daily in the city of New Orleans, state of Louisiana, the value of which I am unable to state. I am unable to state the value of this property on March 10, 1873, but am certain it had not depreciated in value." The plaintiff having rested, the following bill of exceptions was taken: "Be it remembered that on this, the 11th day of January, 1899, this cause having been duly called for trial, counsel for both parties being present and expressing their readiness for trial, a jury was duly called, impaneled, and sworn to try the issues as presented by the pleadings; that thereupon the plaintiff offered in evidence, to support the allegations of her petition, the written and printed documents as hereinafter set forth and numbered, and of the tenor and in the words and figures as therein appear, and as herein made part, and hereto annexed. And same having been so offered, introduced, filed, and noted in evidence to the jury, and constituting the entire evidence presented in the cause, counsel for defendant thereupon, in open court, arose, and verbally requested the court to direct a verdict to be rendered by the jury, then and there, in favor of the defendant, upon the ground that said evidence did not make out a case for plaintiff; and thereupon the court, upon and under said motion, instructed the jury, in accord with said motion of counsel for the defendant, to render a verdict in the cause in favor of the defendant, which was then and there obeyed by the said jury, through its foreman, and the verdict was so written, rendered, signed, and recorded, and final judgment entered thereon, as appears by the record herein. To which said motion of counsel for the defendant, and to said order then and there given thereon, counsel for plaintiff, in presence of the jury, and before verdict, excepted, contending that, under all the evidence so presented, the plaintiff was entitled to a verdict as prayed for, and tendered this, his bill of exceptions, for the signature of the court, praying that it might be made part of the record herein, which is accordingly signed by the court." From the judgment rendered, plaintiff below sues out this writ, assigning errors as follows: "First. In the instructions of the court to the jury on motion of defendant, after all evidence for plaintiff had been offered, and its directing the jury, without any special reason being assigned, to find for the defendant; same being in words following, viz.: 'Gentlemen of the Jury: During your absence [considering the motion to direct a verdict] the court has concluded that the plaintiff has not made out a case sufficiently to authorize a verdict in her favor, even though what she alleges be true, and I am going to direct you to return a verdict for the defendant.' Second. In directing an entry of judgment dismissing plaintiff's cause, based upon the verdict rendered under instructions as aforesaid. Third. In that, the evidence being sufficient to warrant a verdict for plaintiff under the issues presented, the court erred in not submitting same to the jury, and directing a verdict for plaintiff, as prayed for. Fourth. In this: That all the evidence produced and adduced on the trial being presented by record and copies, pursuant to the ruling of this court, plaintiff was entitled to a judgment as prayed for. Fifth. In this: That the answer of defendant admits (a) the marriage from which the cause of action arose; (b) its dissolution by judgment of court. Sixth. In this: That the evidence produced and offered shows (a) the property acquired by the husband and wife during the existence of the community; (b) the acceptance by the wife of said community on its dissolution; (c) the transmission of the entire property of said community to the defendant, with full notice; (d) the refusal of the husband, as well as of his successors, to account for or pay over to her the moiety of said community due her."

W. S. Benedict, for plaintiff in error.

John Clegg and Lamar C. Quintero, for defendant in error.

Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

Having stated the case, the opinion of the court was delivered by PARDEE, Circuit Judge.

The only bill of exceptions found in the transcript is irregular and insufficient. It recites that "the plaintiff offered in evidence, to support the allegations of her petition, written and printed documents as hereinafter set forth and numbered, and of the tenor and in the words and figures as therein appear, and' as herein made part, and hereto annexed," while there are no documents thereafter set forth and numbered, and thereinafter appearing, or as thereinafter made part, or thereto annexed. In the transcript, preceding the bill of exceptions, is inserted, although making no part of the record proper, an alleged note of evidence, identified by no one; and, following the same, appear alleged copies of certain records and documents, no one of them identified in any respect. If a motion had been made to affirm the judgment of the circuit court because there was no sufficient bill of exceptions showing the ruling of the court complained of, we would have been inclined to take that course in disposing of the case.

A careful reading of the petition leads to the opinion that the suit is one to recover an undivided half interest in certain real estate described in the petition, and one third undivided interest in the Picayune plant; the same being claimed as belonging to the plaintiff, as the widow in the community of the late A. M. Holbrook. The theory of the case advanced by the learned counsel for the plaintiff in error is that the suit is one to recover an estate, to wit, the one undivided half of the community existing between the plaintiff and the late Alva M. Holbrook during their marriage. It is on this theory that the pleas of prescription interposed are sought to be avoided. It is very doubtful whether the suit, in any aspect, is on the right side of the docket. It seems to be a suit for the ascertainment of a community interest, where the plaintiff can only recover after a settlement and accounting. Taking the case, however, as presented, we are of opinion that the ruling of the trial judge directing the verdict in favor of the defendant was proper, because of insufficient evidence to warrant a verdict in favor of the plaintiff for any specific property or any specific sum. Neither of the two pieces of real estate which appear to have been acquired by A. M. Holbrook during his marriage with Jennie Bronson is shown to be now in the possession of, or to be in any wise claimed by, the defendant. There is no evidence in the record showing or tending to show that Eliza J. Poitevent, widow and testamentary executrix and universal legatee of Alva M. Holbrook, ever came into the possession of either piece of said real estate. The plaintiff was certainly not entitled to recover from the present defendant an undivided half interest, or any interest, in either one of these pieces of property. The evidence in the record shows that the Picayune plant was acquired by A. M. Holbrook prior to his marriage with Jennie Bronson. This being the case, for the community interest existing between A. M. Holbrook and Jennie Bronson the latter could only claim the increased value of the same growing out of the expenditures of community assets, and on this subject the record is silent. The plaintiff herself testifies:

"As to the amount of property possessed by A. M. Holbrook at the time of our marriage, and its value, I have no means of knowing, nor of what it consisted, except that we had real estate and personal property."

Of course, all the real and personal property owned by A. M. Holbrook at the time of his marriage with Jennie Bronson formed no part of the community.

Aside from the failure to prove any interest sufficient to warrant a verdict, a conclusive reason why the plaintiff in error could not recover is the fact that, within the delay given by the law after the dissolution of the marriage, she did not accept the community, nor obtain a prolongation of the time for deliberation from the judge, and she is therefore conclusively presumed to have renounced the community.

Article 2411 of the Revised Civil Code of Louisiana provides as follows:

"The wife, who renounces, loses every sort of right to the effects of the partnership or community of gains. But she takes back all her effects, whether dotal or extradotal."

Article 2420 of the same Code also provides as follows:

"The wife, separated from bed and board, who has not within the delays above fixed, to begin from the separation finally pronounced, accepted the community, is supposed to have renounced the same; unless, being still within the term, she has obtained a prolongation from the judge, after the husband was heard, or after he was duly summoned."

These articles of the Code have been construed by the supreme court of the state in precisely similar cases. In Herman v. Theurer, 11 La. Ann. 70, it was held:

"Where the community is dissolved by the death of the husband, the surviving wife is presumed to have the intention to accept the community, and her right to renounce is subject to the same rules as govern the beneficiary heir. But a different rule prevails where a divorce has been pronounced. Unless the wife accepts the community within the delay allowed by law, or obtains from the judge a prolongation of that delay, she is supposed to have renounced the community. Civ. Code, art. 2389."

In Succession of Ewing v. Altmeyer, 15 La. Ann. 416, it was held:

"Where a marriage has been dissolved by a judgment of divorce, if either party brings suit to recover his or her share of the community property, it must be shown that he or she accepted the community within the legal delays after its dissolution by the sentence of divorce; otherwise, the pretensions are without foundation in law."

In Weller v. Von Hoven, 42 La. Ann. 602, 603, 7 South. 702, the question was further considered, and the court say:

"The exception is founded on article 2420, Rev. Civ. Code: 'The wife, separated from bed and board, who has not within the delays above fixed, to begin from the separation finally pronounced, accepted the community, is supposed to have renounced the same; unless, being still within the term, she has obtained a prolongation from the judge after the husband was heard, or after he was duly summoned.' It is shown, and is undisputed, that plaintiff did not accept within the term prescribed, and obtained no prolongation thereof from the judge. The above article is taken from article 1463 of the French Code, and its meaning and effect are conclusively settled by both our own and the French jurisprudence. It is universally held to mean that the failure of the wife separated from bed and board to accept the community,

either expressly or tacitly, within the prescribed delay, operates a conclusive renunciation thereof, which is irrevocable, and which bars any subsequent acceptance or assertion of community rights."

In the instant case the record shows conclusively that the marriage between Alva M. Holbrook and Jennie Bronson was dissolved on the 15th day of December, 1871. There is no evidence to show, nor tending to show, that Jennie Bronson, the divorced wife, accepted the community at any time thereafter until the institution of this suit. The suit instituted in the state court (32 La. Ann. 13), and proved, was to obtain the nullity of the judgment decreeing a divorce and for alimony. That case seems to have been disposed of by the supreme court of the state of Louisiana in January, 1880, and adversely to the plaintiff in error, since which time, until the institution of this suit, no action appears to have been taken, accepting or renouncing the community. The judgment of the circuit court is affirmed.