ST. PAUL, J.
Plaintiff and defendant were husband and wife, and came to reside in Tangipahoa parish, where defendant bought a piece of real estate.
For reasons satisfactory to herself, plaintiff removed to King county in the state of Washington, where she “established an independent and separate residence and domicile of her own.” There she sought and obtained a divorce from her husband before the superior court of said King county on October 16, 1918.
On January 25, 1923, she brought this suit, claiming a share in the community property consisting of the real estate aforesaid, and defendant pleads as a bar to her right of action the lapse of more than 30 days since the decree of divorce aforesaid, relying upon article 2420 of the Revised Civil Code, reading as follows:
“Art. 2420. The wife, separated from bed and board, who has not within the delays above fixed [to-wit, 30 days], to begin from the separation finally pronounced, accepted the community, is supposed to have renounced the same; unless, being still within the term, she has obtained a prolongation from the judge, after the husband was heard, or after he was duly summoned.”
I.
We are not prepared to say, and it is unnecessary to do so in this case, if a husband should leave the common domicile, remove to another state, and there “establish an independent and separate residence and domicile of his own,” and at such new domicile should seek and obtain a divorce or separation from his wife unbeknown to her, that the article above quoted would be literally applicable. Such a proceeding on the part of the husband would in effect amount to a species of fraud against the wife, in so far as it might affect her right to share in the community property; and it might be that in such case the delay for accepting'the community would not begin to run unless and until the wife was informed or became aware of the judgment.
But where the wife knows of tlie judgment, or has by her own conduct deprived herself of the means of knowing, there is no possible escape from the very plain provisions of the law. And this court has always ap *260 plied the law rigidly and literally in such cases. Herman v. Theurer, 11 La. Ann. 70; Audrich v. Lamothe, 12 La. Ann. 76; Spencer v. Sheriff, 46 La. Ann. 1209, 15 South. 706.
In Herman v. Theurer, supra, the wife had fled with her paramour, and the judgment of divorce was rendered contradictorily with a curator ad hoc. Some years afterwards she claimed a share in the community; but, although the husband had prayed, and the court had decreed, that the parties be referred to a notary “for the settlement of the community of acquets and gains which existed between them,” nevertheless this court held that this was not an acceptance of the community by her, and that, having failed to accept the same within the delay of 30 days above provided for, she was conclusively presumed to have renounced the same. • The court said:
“Her action is barred, unless the conduct of the defendant [her husband] has been such as to prevent her from ascertaining her rights in regard to the community. * * * The absence of the plaintiff with her paramour, at the time the decree was pronounced, is not a circumstance calculated to make a very favorable excuse for not looking into her rights at the time the judgment was rendered.”
In the case before us there is not the slightest suggestion of any misconduct on the part of plaintiff, and we cite the above only to show that this court has applied the law even where the wife was not apprised of the judgment against her, if the husband has been guilty of no fraud in the premises.
In the case before us the wife herself procured the judgment of divorce and therefore lenew of it; and she was bound to know the law which required her to accept the community within 30 days -after the divorce was pronounced. Having failed to accept within such delay she is conclusively presumed to have renounced it.
It is claimed that, being so far away from this state when the judgment was pronounced, she should not be held to a strict compliance with the requirements of the statute. The answer is that it was she herself who left this state and “established an independent and separate residence and domicile of her own” in a far away state; and she cannot expect the courts of this state so to mold and modify the laws thereof as to meet the varying whims and caprices of all persons. Suffice it to say the law reads clearly that the wife must accept the community within 30 days after the separation is pronounced, and we do not see anything in the circumstances of this case to take it out of the very plain provisions of the law.
Remembering always that it was plaintiff who procured the separation, and therefore knew of it at the time, and that we are not dealing with a case where it might be necessary or proper to hold that the delay for acceptance began only from the time when she was apprised of the judgment, it follows that if "the delay may be extended beyond 30 days there is no reason why it should not be extended beyond 30 years, or longer. But that is not the intent of the law. As the court said, in Herman v. Theurer, supra:
“The reason of the rule is doubtless this: The husband is the head and master of the community, and at once responsible for its debts, and being seized of it, he ought not to be compelled to demand a partition of the wife of the effect's in his hands, and thus lessen his means to meet the debts, particularly as he is responsible for the whole, whilst his wife, by acceptance, would only be responsible for one-half of the same. The interest of the creditors and the public requires that the delay allowed the divorced wife to accept, should be, as provided by the Civil Code, a short one.”
Be that as it may, the Code provides for a delay of 30 days only, and we ar.e not at liberty to "extend it. Should we ever have occasion to say that the delay begins to run only from the time when the wife is apprised of the judgment, we would still not be extending the delay but merely fixing^the time from which it is to run. But even as to that it must be distinctly understood that we are *262 not now expressing any opinion; we mean ,only to show that that is the farthest we could go in any event, even if we might go so far.
II.
Plaintiff claims that the delay of 30 days above mentioned applies only to, wives domiciled in this state, and not to nonresident wives. The law itself makes no such distinction; and since the whole course of legislation and jurisprudence in this state has always been to put resident and nonresident married women on an equal footing, we see no reason for thinking that any difference was intended in this matter. Certainly we know of no ground in reason or comity why nonresident married women should be put On a footing more favorable than that accorded to those resident; it is enough that our law should have extended to them the same favorable consideration.
III.
Plaintiff claims, that the judgment of divorce being foreign, was not self-operative in this state.
In Smith v. Smith, 43 La. Ann. 1147, 10 South. 250, this court said:
“A divorce granted by the court of the defendant’s domicile, or of the complainant’s domicile, in a case in which the defendant has been summoned, or has voluntarily appeared, is probably valid as to both parties everywhere by comity. If the defendant, though not regularly appearing or summoned, has had actual notice, or even if he has had only constructive notice, by publication or otherwise, the divorce will be regarded valid as to both parties by comity, in such states as have adopted the policy of such divorces by similar legislation, or otherwise.”
See, also, Haddock v. Haddock, 201 U. S. 562, 26 Sup. Ct. 525, 50 L. Ed. 867.
In Zavaglia v. Notarbartolo, 137 La. 722, 69 South. 152, Ann. Cas. 1916B, 924, this court held that there was no law in this state authorizing a proceeding to make a (valid) foreign judgment of separation “executory” as the judgment of a court of this state.
Hence it follows that a valid foreign judgment of divorce is necessarily self-operative in this state, since otherwise it could have no effect whatever. The fact of the matter is that such judgments are by comity self-operative everywhere; and any attempt to liken a judgment fixing the status of a person, to a judgment requiring execution, i. e., requiring something to be done, must necessarily fall by reason of the total lack of analogy between the one and the other.
IV.
For the rest, plaintiff shows that at the time of her marriage she had a few hundred dollars of her own which were used for the benefit of the community; but the trial judge found that when defendant left the common domicile she took with her property of the community sufficient in value to reimburse her that sum; and from our examination of the record we do, not find any manifest error in such finding.
Decree.
The judgment appealed from is therefore affirmed.
Rehearing refused by Division B, composed of DAWKINS, LAND, and LECHE, JJ.