On Rehearing.
 

 OVERTON, J.
 

 On the first hearing of this case we held that, as a general rule, where a marriage has been dissolved by a judgment of divorce, the wife is presumed to have renounced the community, unless it - appears that she has accepted it within the delay, of 30 days allowed by law, citing Civil Code, art. 2420, and also Herman v. Theurer, 11 La. Ann. 70; Succession of Ewing, 15 La. Ann. 416; and Decuir v. Lejeune, 15 La. Ann. 569. In so holding we ruled, however, that an exception exists to the general rule where the husband has concealed all or a part of the community property with the object in view of defrauding his wife out of her just share thereof, and held that in such instance the delay in which the wife must accept, if she accept at all, does not begin to run until the community has been restored in its integrity. The question to be determined upon this hearing of the case is, Is the-ruling recognizing and enforcing the exception stated'correct?
 

 'Article 2420 of the Civil Code provides that—
 

 “The wife, separated from bed and board, who has not within the delays above fixed [to wit, 30 days], to begin from the separation finally pronounced, accepted the community, is supposed to have renounced the same; unless, being within the term, she has obtained a prolongation from the judge, after the husband was heard, or after he was duly summoned.”
 

 While this article makes no express exception in cases where the husband has fraudulently concealed all or a part of the community property with -the end in view of bringing about an express or tacit renunciation of the community by the wife, still it was not necessary that the exception be expressed in the article. Fraud vitiates everything, even the wife’s express or tacit renunciation of the community. The exception stated is fairly implied in the article.
 

 In Wand v. Wand, 155 La. 257, 99 So. 211, it was said, in passing on article 2420, that, should a case arise where the husband left the common domicile, removed to another state, and at his new domicile sought and obtained a separation or a divorce from his wife, without her knowledge, “such a proceeding on the part of the husband would in effect amount to a species of fraud against the wife, in so far as it might affect her right to share in the community property; and it might be that in such case the delay for accepting the community v would not begin to run unless and until the wife was informed or became aware of the judgment.”
 

 In Herman v. Theurer, 11 La. Ann. 70, in speaking of the right of the wife divorced from her husband to accept the community after the lapse of 30 days from the decree of divorce, it was said:
 

 “Her action i.s barred, unless the conduct of the defendant [her husband] has been such as to prevent her from ascertaining her rights in regard to the community.”
 

 Article 2420 of the Civil Code, quoted supra, a correct interpretation of which is necessary in order to properly determine -the present controversy, is substantially similar to article 1463 of the Civil Code of France, except that, instead of the delay for accepting being 30 days, in the French Code it is 3 months and 40 days.
 

 Laurent, in discussing article 1463 of the
 
 *657
 
 French Code, and after mentioning the strictness with which the article should be interpreted, says:
 

 “Nous n’admettons q’une seule exception a 1’artiele 1463, c’est le cas ou la femme aurait été induite a ne pas accepter par les manoeuvres frauduleuses du mari; elle serait admise, dans ce cas, a accepter. O’est le droit com-mun; 1’exception de fraude et de dol n’a pas besoin d’étre éerite dans loi, elle est de droit. La femme peut attaquer, pour cause de dol, l’acceptation qu’elle a faite de la communauté (article 1455); elle peut aussi demander la nullité de la renonciation expresse qui lui a été surpise par dol. Pourquois ne pourrait-elle pas revenir sur la renonciation taeite de l’article 1463? II y a un arret de la cour de Bruxelles en ce sens.” Laurent, tome 22, pp. 432, 433, No. 411, Oontrat de Mariage.
 

 And Hue, in discussing the same article of the French Code, says:
 

 “II faut eependant reconnaitre que la femme pourrait repousser la déeliéance resultant de 1’art. 1463, en établissant que son inaction a été le resultat de manoeuvres dolosive pratiquées par le mari pour la tromper sur la veritable situation de la communauté.” Huc, tome 9, Liv. 111, Tit. V, No. 301.
 

 Our conclusion is that our former opinion is correct, and should be reinstated. The facts shown by the petition, which must be accepted as true for the purpose of the exception, upon which the case was tried, justify the conclusion that defendant was misled into failing to accept the community within the prescribed delay of 30 days by the fraudulent acts of her husband. Under such circumstances her renunciation of the community, whether express or tacit, is not binding on her. The delay for accepting, in such an instance, does not begin to run until the effects of the fraud are removed by the restoration of the community in its integrity. Were it otherwise, the husband would be permitted to gain by his fraudulent acts.
 

 For the reasons assigned, the judgment heretofore rendered herein is reinstated and made the decree of this court.