HARDY; Judge.
This is a petitory action in which plaintiff alleges her ownership of an undivided one-half interest in a tract of land com *452 prising ISO acres located in Red River Parish, Louisiana. An exception of no cause and no right of action interposed by defendant was sustained and plaintiff’s suit dismissed, from which she appeals. On the basis of a stipulation by counsel for both parties litigant that the interest involved in the suit exceeded a value of $2,000, the appeal was directed to the Supreme Court, which declined jurisdiction thereof and transferred same to this court, 223 La. 466, 65 So.2d 138.
When the appeal was submitted to this court it was ordered to be remanded for two purposes; first to establish, on the basis of competent evidence, the value of the property in contest for jurisdictional purposes, and, second, to permit plaintiff to urge a motion to amend her original petition, which motion was filed in this court. Castleberry v. Ethridge, 68 So.2d 249.
Pursuant to our order of remand the case was re-opened and the value of the property was established by the sworn testimony of two witnesses as being $75 per acre, as a consequence of which valuation the one-half interest herein would involve the sum of $5,625.
Following the testimony adduced on the question of value and the urging of plaintiff’s motion to be allowed to amend her petition, the minutes of the court for April 23, 1954, reflect the following action:
“It was ordered by the court that the supplemental petition be disallowed.”
And the minutes of May 3, 1954, showed the following entry:
“Judgment rendered, read aloud and signed in open court. See decree.”
Reference to the judgment of May 3, 1954, discloses the following pertinent recitals :
“ * * * this court has permitted the filing by plaintiff of her motion to amend her original petition so that it may be made a part of the record, but this Court has abstained from deciding whether or not this motion should be allowed because it is of the opinion that it has no jurisdiction to determine that issue as the appeal from the former judgment of this Court divested it of such jurisdiction.
“And, further, this Court, pursuant to the cited decree, has caused testimony to be taken to establish the value of the properly in dispute in this cause.
“It is, therefore, ordered: that the record in this cause, as presently made up, be returned to the Court of Appeal, Second Circuit, State of Louisiana, by this Com t for such disposition as the Court of Appeal may wish to make of this cause.”
No action was taken in an effort to procure a compliance on the part of the judge of the district court with the specific directions of the order of remand entered by this court. The noteworthy prescience of the district judge was rewarded by the holding of the Supreme Court in Beene v. Pardue, 226 La. 606, 76 So.2d 902, and Ilardo v. Agurs, 226 La. 613, 76 So.2d 904.
It is evident that there is an irreconcilable conflict between the minute entry and the judgment of the district court, to both of which we have above referred. It is likely that the technically appropriate action which should be taken by this court, under the circumstances, would be to set aside the judgment of the district court and remand this case for a pronouncement on plaintiff’s motion to amend, but we think that this procedure would serve only to cause further delay to the long suffering litigants who have already been severely punished as the result of an unfortunate conflict of opinion between appellate courts on the question of jurisdiction, for which, certainly, the litigants themselves bear no responsibility. We are further impelled to this action by reason of the fact that our findings as hereinafter set forth have led to a conclusion which obviates the necessity for a pronouncement upon plaintiff’s motion to remand for the purpose of amending her petition.
*453 The facts which are material to a determination of the issue presented are undisputed. By deed of conveyance dated March 8, 1918, during the existence of the marriage and the consequent community of acquets and gains with this plaintiff, F. E. Castleberry acquired a tract of land consisting of 150 acres located in Sections 7 and 18 of Township 13 North, Range 10 West, Red River Parish, Louisiana, which is particularly described in plaintiff’s petition. By petition filed in the First Judicial District Court, Caddo Parish, Louisiana, this petitioner, Mrs. Kate Swayze Castle-berry, brought suit for divorce from her husband, Fred E. Castleberry, in which petition, inter alia, she alleged the accumulation of community property, both movable and immovable, during the existence of the marriage. In her said petition plaintiff prayed for an absolute divorce, custody of the minor child of the union, for alimony, and for recognition “as owner of an undivided one half interest in all community property acquired by them during their married life, particularly the property described above; * * Judgment was rendered, signed and filed on November 24, 1920, in favor of plaintiff and the recital bearing upon plaintiff’s interest in the community property reads as follows:
“It is further ordered, adjudged and decreed that the community property owned by the parties hereto be and the same is recognized as joint property in which the said Mrs. Kate Swayze Castleberry owns an undivided one-half (%) interest * *
In this action plaintiff’s petition recited the execution of a purported sale and conveyance of the entire interest in the 150 acre tract of land involved by her divorced husband, on January 13, 1925, to one R. H. Miller. Plaintiff further alleged that subsequent conveyances to the property were executed by Miller to Bank of Minden & Trust Company in Liquidation; by the Bank of Minden & Trust Company in Liquidation to R. F. Lewis and W. A. Eth-ridge; by R. H. Miller and Bank of Min-den & Trust Company in Liquidation to R. F. Lewis and W. A. Ethridge, and by R. F. Lewis to W. A. Ethridge.
Petitioner averred that W. A. Ethridge, defendant herein, is in actual physical possession of the property without any title whatsoever to the undivided one-half interest herein claimed by petitioner, without any right of possession thereto and that the said defendant has refused to deliver possession to petitioner. Accordingly, plaintiff prayed for judgment recognizing her as the true and lawful owner of an undivided one-half interest in the property described, as such entitled to the full and undisturbed possession thereof, and ordering the said defendant to deliver possession thereof to petitioner with reservation of petitioner’s right to demand an accounting of all rents and revenues.
The basis of defendant’s exception of no cause and no right of action is set forth in said pleading as follows:
“That the allegations of plaintiff’s petition do not show that plaintiff in anywise accepted the community of acquets and gains formerly existing between her and her said husband within thirty (30) days from the date of the decree of absolute divorce, rendered by the District Court of the Parish of Caddo, Louisiana, in the matter of Mrs. Kate S. Castleberry versus Fred .S'. Castleberry, or that she obtained within the term (30 days) a prolongation from the judge as required by Article 2420 of the Civil Code of this State, which said Article was in full force and effect on the date of the decree by which plaintiff was divorced from her husband, i. e. the years 1920 or 1921, and on the date which Fred S. Castleberry disposed of the lands in question, i. e. January 13, 1925.
“That on January 13, 1925, under Article 2420 of the Revised Civil Code of the State of Louisiana, the date upon which R. H. Miller (defendant’s vendor in title, twice removed) became the owner of the property in question, it was the established jurisprudence of *454 the State of Louisiana, that the failure of the wife, upon the dissolution of the community by divorce, to accept the community of acquets and gains within the delay of thirty (30) days, operated as a renunciation of her community interest and rights, and as a bar to any assertion by her, thereafter, of such rights.”
 It is quite obvious that the determination of the issue here presented must rest upon the existence, vel non, of certain facts disclosed by plaintiff’s petition, the averments of which, for the purpose of this exception, must be taken as true.
We think learned counsel for defendant is in error in the conclusion that the plaintiff in this case failed to allege her acceptance of the community of acquets and gains as required under Article 2420 of the LSA-Civil Code and the established jurisprudence of the state in effect at the time.
We think it is inescapable that plaintiff has properly and adequately alleged her acceptance of her undivided interest in the community. How can it possibly be said that a plaintiff wife, in a formal petition for divorce, who alleged ownership of her interest in community property and prayed for recognition thereof, has not evidenced her acceptance. Plaintiff’s petition in the action for divorce not only established her acceptance, but, beyond this, it evidenced her active claim to her community interest and prayed for the enforcement thereof. This claim was unqualifiedly recognized and established by the judgment of the court. As we view the matter nothing else remained for plaintiff to do, since the plain wording and equally plain effect of this judgment served to vest in her the title to an undivided' one-half interest in the community property. It is true that the judgment referred to specifically described only two pieces of property, neither of which was the property here in question, but this did not detract from the effect of the judgment with reference to all community property.
We are confirmed in our conclusion by a consideration of the plain wording of the codal article and by the construction thereof as evidenced by the jurisprudence of the state.
Article 2420 of the Civil Code, until repealed by Act No. 49 of 1926, read as follows :
“The wife, separated from bed and board, who has not within the delays above fixed, to begin from the separation finally pronounced, accepted the community, is supposed to have renounced the same; unless, being still within the term, she has obtained a prolongation from the judge, after the husband was heard, or after he was duly summoned.”
It is evident from the mere reading of the above article that it is only intended to require some evidence of the acceptance of the community by a wife who, in another and a distinct action, has been finally separated from the bed and board of her husband. Certainly there is no prohibition against a wife who institutes an action of separation combining therewith her claim for her community interest.
Careful examination of the cases in which a wife’s claim for a community interest was rejected by reason of the application of the restrictions set forth in the codal article discloses the fact that invariably the claims were rejected by the courts of the state in actions instituted by the wife subsequent to judgments of separation and after the expiration of the delay fixed by the codal article. In Herman v. Theurer, 11 La.Ann. 70, the court said:
“Plaintiff having suffered eight years to elapse after the rendition of the judgment in action for a divorce, without doing any act by which her acceptance of the community can be clearly inferred her action is barred * *
The facts recited in the opinion of the court in Weller v. Von Hoven, 42 La.Ann. 600, 7 So. 702, show that on June 9, 1886, *455 the plaintiff wife filed the suit claiming a settlement of the community terminated by a judgment of separation rendered in 1884. In the cited case the court briefly recounted the history of the article and its interpretation as based upon the jurisprudence of both France and Louisiana, as follows:
“The above article is taken from article 1463 of the French Code, and its meaning and effect are conclusively settled by both our own and the French jurisprudence. It is universally held to mean that the failure of the wife separated from bed and board to accept the community, either expressly or tacitly, within the prescribed delay, operates a conclusive renunciation thereof, which is irrevocable, and which bars any subsequent acceptance or assertion of community rights. 5 Marcade, 605; 3 Baudry Lacantiniere, 130; 22 Laurent, 425, 431; Herman v. Theurer, 11 La.Ann. 70; Audrich v. Lamothe, 12 La.Ann. 76; Ewing v. Altmeyer, 15 La.Ann. 416; Decuir v. Lejeune, 15 La.Ann. 569; Snoddy v. Brashear, 13 La.Ann. 469.”
In Wand v. Wand, 155 La. 257, 99 So. 211, the facts were that the plaintiff wife brought suit, in 1923, claiming a share in the community property years after she had removed to the State of Washington and there obtained a judgment of divorce in 1918.
In Baptiste v. Southall, 157 La. 333, 102 So. 420, the wife brought suit alleging her ownership of one-half of the community property sixty days after the rendition of judgment of divorce in favor of the husband.
We think it significant that the opinions in a number of the cases cited refer to the wife’s actions as “claiming” an interest in the community property, and it is clear that “claiming” is used synonomously with the act of “acceptance” as provided in the codal article. In other words, the courts quite clearly regarded “to claim” as the equivalent of “to accept”.
It is further a persuasive consideration to note that the courts appear to have emphasized the quality of the acceptance as being either express or tacit and applied the article only in instances where there had been neither an express nor a tacit acceptance or claim.
Our conclusion that the wife’s action in claiming her interest in the community property in her action for divorce constituted an express acceptance of the community within the requirement of Article 2420 is supported by the holding of the Supreme Court in White v. White, 159 La. 1095, 106 So. 567, in which the analogous facts were stated by the court as follows:
“The plaintiff sued her husband for a separation from bed and board, at the same time asking for th.e care and custody of her minor children, for a partition of the community property, and for alimony. The defendant allowed judgment to go against him by default. The court gave the plaintiff a decree of separation from bed and board, gave her the care and custody of her children, and allowed her alimony at the rate of $125 a month, but said nothing about a partition of the community property. Three months later the plaintiff took an appeal, complaining of the court’s failure to order the partition of the community property. The defendant, ap-pellee, then contended that the plaintiff had tacitly renounced the community by failing to accept it formally within 30 days after the decree of separation was rendered. But this court ruled otherwise, and amended the judgment by ordering a partition of the community property. See White v. White, 153 La. 313, 95 So. 791.”
For the reasons set forth we conclude that the facts stated in plaintiff’s petition sufficiently evidenced a claim, which is to say, an acceptance of her interest in the community, under the requirement of Article 2420. This finding renders unnecessary a discussion of the cases ably argued by counsel for both litigants on this appeal as *456 to the retrospective effect of the repeal of Article 2420 by the Act of 1926, which was passed after plaintiff’s divorced husband attempted to convey title to the property in question to a third party.
It is further unnecessary to rule upon the motion to remand for the purpose of amending plaintiff’s petition for, under our holding, it follows that plaintiff would be entitled on trial of the merits to tender acts evidencing her acceptance of the community in addition to that which we have already interpreted as being entirely adequate.
For the reasons assigned the judgment appealed from is reversed and set aside; defendant’s exception of no cause and no right of action is overruled and this case is remanded to the Honorable the Tenth Judicial District Court in and for the Parish of Red River, Louisiana, for further proceedings. Costs of this appeal are taxed against defendant-appellee.