76 So.2d 904

Vincent ILARDO et ux.

v.

William C. AGURS (Mrs. Nettie A. Soniat, Administratrix).

No. 41614.

Dec. 13, 1954.

Albert E. Bryson, Shreveport, for defendant-appellant.

Charles M. Peters, Malcolm W. Feist, Shreveport, for plaintiffs-appellees.

MOISE, Justice.

The defendant appealed to this Court from a judgment of the lower court awarding plaintiff a servitude. The appeal was filed pursuant to an order of the district court which followed the remand of the case by the Court of Appeal, Second Circuit, where the case had been lodged on a previous appeal. 67 So.2d 559, 560.

When this case was originally lodged in the Court of Appeal, Second Circuit, that court ex proprio motu, finding no evidence as to the value of the matter in contestation, remanded the case to the district court for the purpose of establishing jurisdiction. In a per curiam rejecting an application for rehearing, it recast its judgment to read as follows:

"For these reasons this cause is remanded to the lower court for the purpose of adducing evidence to establish appellate jurisdiction. When appellate jurisdiction has been so established, orders of appeal may then be taken, returnable to the appellate court having jurisdiction."

The above action on the part of the Court of Appeal was unauthorized and ultra vires. Under the Constitution of 1921, the Supreme Court of Louisiana—

"* * * shall also have original jurisdiction for the determination of questions of fact affecting its own appellate jurisdiction in any case pending before it; and to that end may make such orders and decrees as it may deem proper in the premises." Art. VII, Sec. 10.

Article VII, Section 29, of the Constitution provides:

"The Courts of Appeal, except as otherwise provided in this Constitution,[1] shall have appellate jurisdiction only, which jurisdiction shall extend to all cases, civil and probate, of which the Civil District Court for the Parish of Orleans, or the District Courts throughout the State, have exclusive original jurisdiction, regardless of the amount involved, or concurrent jurisdiction exceeding One Hundred Dollars, exclusive of interest, and of which the Supreme Court is not given jurisdiction, * * *."

When the original trial of this case was concluded and a bond was furnished and the record lodged in the Court of Appeal, Second Circuit, the district court lost all jurisdiction. Vaughn v. American Bank & Trust Co., 223 La. 479, 66 So.2d 4. There was no affirmative showing of jurisdiction in the Supreme Court, and the record did affirmatively show jurisdiction in

1. The only exception to the above provision is to be found in Article VII, Section 2, of the Constitution of 1921, which states:

"* * * the Courts of Appeal * * * may also, in aid of their * * * jurisdiction * * * issue * * * all other needful writs, orders and process, * * *."

the Court of Appeal. The Court of Appeal should have entertained the appeal.

In the syllabus of State v. Cook, 197 La. 1027, 3 So.2d 114, the law is correctly stated as follows:

"In determining whether Supreme Court has appellate jurisdiction because of amount in dispute, or because of value of thing in dispute, or because of subject matter of suit in given case, record must show affirmatively that Supreme Court has appellate jurisdiction, otherwise, the appeal must be dismissed or transferred to Court of Appeal." See also, Succession of Derouen, 216 La. 957, 45 So.2d 91; New Orleans & Northeastern R. Co. v. Redmann, 210 La. 525, 27 So.2d 321; Castleberry v. Ethridge, 223 La. 466, 65 So.2d 138; Adger v. Oliver, 222 La. 793, 64 So.2d 6; State ex rel. Davis v. Oaklawn Land and Improvement Co., 223 La. 7, 64 So. 2d 623; Louisiana Board of Pharmacy v. Smith, 221 La. 1026, 61 So.2d 513.

No court, by its convention or ruling, can derogate from the force of law constitutionally imposed. If the Courts of Appeal could extend their powers, they could alter the provisions granted by the Constitution. Remand by the Court of Appeal can only be had in aid of its appellate jurisdiction. No litigant has more than one appeal. Newspaper Feature Service, Inc. v. Southern Publishing Co., 13 Orleans App. 406. The order of the Court of Appeal to remand to the district court, as well as all proceedings taken there on remand, were unauthorized and illegal. Consequently, the case was never legally removed from the Court of Appeal, Second Circuit, where it was properly lodged on appeal. The recent case of Haney v. Dunn, La.App., 71 So.2d 363, and those preceding where remand was decreed for the purpose of adducing testimony as to jurisdictional amount, were cases in which an error of law was committed.

In the case of Beene v. Pardue, 226 La. 606, 76 So.2d 902, this Court correctly stated:

"The court of appeal has no authority to remand any case for the purpose of fixing appellate jurisdiction. The court of appeal may issue needful writs and orders in aid of its appellate jurisdiction under the provisions of Article VII, Section 2, of the Constitution. In other words, it may issue writs and orders to sustain or enforce its appellate jurisdiction but it cannot issue orders designed to controvert or destroy its jurisdiction. The only authority the court of appeal has to remand a case is contained in Article 906 of the Code of Practice".

If this case, with record as originally made up, had been appealed to this Court, we would have transferred such to the Court of Appeal, Second Circuit. Act 19 of 1912, LSA–R.S. 13:4441.

For the reasons assigned, the order of the Court of Appeal, Second Circuit of

Louisiana, remanding the case to the district court, and all proceedings pursuant thereto, including the appeal taken to this Court, are set aside; and the Clerk of this Court is ordered to transfer, forthwith, the record in this case to the Court of Appeal, Second Circuit of Louisiana, in order that it may hear and dispose of the case in conformity with law. All costs to await the final determination of the cause.