PONDER, Justice.
On a previous occasion an appeal was presented to us in this case and we transferred it under the provisions of LSA-R.S. 13:4441 and 13:4442 to the Court of Appeal, Second Circuit of Louisiana, because the record did not affirmatively show the value of the land in dispute. Beene v. Pardue, 223 La. 417, 65 So.2d 897. After the appeal was transferred, the Court of Appeal, 67 So.2d 337, remanded the case to the First Judicial District Court for the purpose of receiving evidence as to the value of the land in dispute and ordered the ‘ district court upon determination of such fact to grant an appeal to the court of appropriate jurisdiction. Evidence was adduced in the lower court as to the value of the land and the lower court arrived at the conclusion that the value of the property exceeded $2,000, exclusive of interest and granted an appeal to this Court. This purported appeal has been submitted for our determination.
At the time we considered the original appeal in this case, see Beene v. Pardue, supra, we found that the record did not affirmatively show the value of the land in contest. It is now well settled in the jurisprudence of this State that the record, as made up, must show that the value of the thing in contest exceeds $2,-000, exclusive of interest, in order to invest this Court with appellate jurisdiction and that the appellate jurisdiction of the case must be determined from the record presented. Beene v. Pardue, supra and the authorities cited therein. Under the provisions of Article 7, Section 29 of the Constitution, the jurisdiction of the court of appeal extends to all civil and probate cases of which the district court has exclusive original jurisdiction regardless of the amount involved, except where the Constitution provides otherwise. Our appellate jurisdiction in such cases is limited by the Constitution. Whenever we find that we do not have appellate jurisdiction in those cases, we transfer them to the court of appeal because they have the general appellate jurisdiction.
LSA-R.S. 13:4441 reads as follows:
“In any case otherwise properly brought up on appeal to the Supreme Court, or to any of the courts of appeal, the judges of these courts may, in cases where the appellant or appellants shall have appealed to the wrong court, transfer the case to the proper court instead o.f dismissing the appeal. The court to which the cause is transferred will proceed with it in the same manner as if the case had been originally appealed to the proper court. If the Supreme Court shall find that a case has been erroneously transferred by a court of appeal to the Supreme Court, the latter court shall not dismiss thé appeal, but shall retransfer such case to the court of appeal, to be proceeded with as if it had never been transferred to the Supreme Court.”
*611 This statute is plain and unambiguous. It is apparent from a mere reading of it that the lawmakers have invested in this Court the final determination of appellate jurisdiction in transferred cases. Once this Court has transferred a case to a court of appeal that court must entertain the appeal. The decision of this Court in that respect is final and cannot be circumvented. There is no alternative, that court must entertain the appeal.
Moreover, the court of appeal has no authority to remand any case for the purpose of fixing appellate jurisdiction. The court of appeal may issue needful writs and orders in aid of its appellate jurisdiction under the provisions of Article 7, Section 2 of the Constitution. In other words, it may issue writs and orders to sustain or enforce its appellate jurisdiction but it cannot issue orders designed to controvert or destroy its jurisdiction. The only authority the court of appeal has to remand a case is contained in Article 906 of the Code of Practice, which reads as follows:
“But if the court shall think it not possible to pronounce definitively on the cause, in the state in which it is, either because the parties have failed to adduce the necessary testimony, or because the inferior court refuse to receive it, or otherwise, it may, according to circumstances, remand the cause to the lower court, with instructions as to the testimony which it shall receive, to the end that it may decide according to law.”
It is apparent from a mere reading of this article of the Code of Practice that it does not authorize the remanding of a case for the purpose of fixing its appellate jurisdiction. The right to remand a case is restricted and cannot be extended for purposes not included in this article of the Code of Practice.
For the reasons assigned, the order of the Court of Appeal, Second Circuit of Louisiana, dated September 30, 1953, remanding the case to the district court for the purpose of fixing appellate jurisdiction is annulled and set aside. All proceedings had in the First Judicial District Court under this unauthorized order is annulled and set aside; the appeal taken from the unauthorized proceedings is set aside; the Clerk of this Court is ordered to transfer forthwith the record in this case to the Court of Appeal, Second Circuit of Louisiana, in order that it may hear and dispose of the appeal previously transferred to it by this Court on June 1, 1953, opinion of which is reported in 223 La. 417, 65 So.2d 897. All ccsts to await the final determination of the cause.
HAMITER, J., did not participate.