88 So.2d 659

Succession of Ed JENKINS.

Sim JENKINS et al.

v.

A. C. DYKES.

No. 42356.

June 11, 1956.

Dhu and Lea S. Thompson, Monroe, for appellants.

Armand F. Rabun, Farmerville, for defendant-appellee.

McCALEB, Justice.

Plaintiffs, as sole heirs of their father, Ed Jenkins, are seeking the annulment and cancellation of four purported deeds of transfer of a 170-acre tract of land in Union Parish, which was acquired by their father during the existence of his marriage to their mother, who predeceased him. An undivided fractional interest in this property was subsequently acquired through mesne conveyances by A. C. Dykes, against whom the action is mainly directed.

After a hearing in the lower court, plaintiffs' suit was dismissed and they timely appealed to the Court of Appeal for the Second Circuit. When the case was submitted to the Court of Appeal for decision, that court, finding that the record did not affirmatively show the value of the 170-acre tract in contest, refused jurisdiction of the case and remanded it, ex proprio motu, to the district court for the purpose of receiving evidence as to the amount in controversy with instructions to then grant an appeal to the appropriate appellate tribunal. Succession of Jenkins, La.App., 76 So.2d 450. Conformably with these orders, the district judge heard evidence with reference to the value of the property and thereafter granted plaintiffs a devolutive appeal to this court.

The Court of Appeal erred in refusing jurisdiction of the case. Its opinion was rendered on December 1, 1954, approximately two weeks before our decisions in the cases of Beene v. Pardue, 226 La. 606, 76 So.2d 902, and Ilardo v. Agurs, 226 La. 613, 76 So.2d 904, involving similar circumstances. In those matters, it was held that, unless it is affirmatively shown by the record that the case comes within the appellate jurisdiction of this Court as defined by Section 10 of Article 7 of the Constitution, the appropriate Court of Appeal is vested with jurisdiction as the Courts of Appeal have general appellate jurisdiction of all other appeals in civil cases under Section 29 of Article 7 of the Constitution. In addition, it was decided that the Courts of Appeal are without right or authority to remand any case to the district court for the purpose of taking evidence to establish appellate jurisdiction, such jurisdiction being fixed by the original record on appeal and that the orders of the Court of Appeal remanding the cases to the district courts for the taking of evidence to establish jurisdiction were ultra vires and of no effect. These rulings control the case at bar.

For the foregoing reasons, the order of the Court of Appeal for the Second Circuit dated December 1, 1954, remanding this case to the district court for the purpose of fixing appellate jurisdiction, is annulled and all proceedings had in the Third Judicial District Court pursuant to that order are set aside, including the appeal taken herein from those unauthorized proceedings. The Clerk of this Court is ordered to transfer, forthwith, the record in

this case to the Court of Appeal for the Second Circuit so that it may hear and dispose of the appeal previously filed in that court under its docket Number 8240, in conformity with law. Taxation of all costs is to be deferred until the final determination of the cause.