91 So.2d. 765

James Herman BROWN and Mrs. Mary Brown Cowden

v.

J. Earl MAYFIELD.

No. 41281.

Dec. 10, 1956.

Meadors, Shaw & Meadors, Homer, for defendant-appellant.

Blanchard, Goldstein, Walker & O'Quin, Shreveport, for plaintiffs-appellees.

FOURNET, Chief Justice.

This is an appeal from a judgment of the District Court in favor of the plaintiffs, James Herman Brown and Mrs. Mary Brown Cowden, declaring them to be the owners of one-fourth of the gas, oil and minerals under certain described lands in Claiborne Parish, and is now before us on motion of plaintiffs-appellees to dismiss the appeal on the ground that the Court of Appeal was without authority to remand the case to the District Court in order that the value of the property in dispute might be ascertained for appellate jurisdictional purposes, as was done in this case; [1] and that, the District Court having lost jurisdiction upon the perfecting of the appeal to the Court of Appeal, it had no authority to grant a subsequent order of appeal to this Court. The defendant-appellant agrees that the judgment of the Court of Appeal remanding the case to the District Court was in error, but contends that the appeal should not be dismissed but the case should be transferred to the Court of Appeal.

The decision of this Court in the case of Ilardo v. Agurs, 226 La. 613, 76 So.2d 904, is controlling here. In that case, involving a situation identical with that here presented, we said: "The order of the Court of Appeal to remand to the district court, as well as all proceedings taken there on remand, were unauthorized and illegal. Consequently, the case was never legally removed from the Court of Appeal, Second Circuit, where it was properly lodged on appeal * * *." To the same effect are Beene v. Pardue, 226 La. 606, 76 So.2d 902, 906, and Succession of Jenkins, 230 La. 367, 88 So.2d 659.

For the reasons assigned, the order of the Court of Appeal, Second Circuit, dated 31 October 1952, remanding this cause to the district court for the purpose of fixing appellate jurisdiction, is annulled, and all proceedings had in the Second Judicial District Court pursuant to that order are set aside, including the appeal taken herein from those unauthorized proceedings. The Clerk of this Court is ordered to transfer, forthwith, the record in this case to the Court of Appeal for the Second Circuit so that it may hear and dispose of the ap-

1. Judgment on the merits in favor of plaintiffs was first rendered by the District Court on April 15, 1952, and the appeal was made returnable to the Court of Appeal, Second Circuit. That Court, noting that the record was bare of any proof of the value of the mineral interest in contest, and holding ineffective a stipulation of the parties found in the Minutes "that the property involved in this suit is worth more than $100 but less than $2,000," remanded the cause to the District Court for ascertainment of the value of the mineral interest in contest. See La.App., 61 So.2d 248. Evidence was then taken in the District Court which showed that the value of the disputed mineral interest was, in the opinion of the witnesses, in excess of $2,000, whereupon judgment was again in favor of plaintiffs and the appeal was made returnable to this Court. It is with respect to that appeal that the present motion to dismiss is filed.

peal previously filed in that court under its docket Number 7840, in conformity with law. All costs to await the final determination of the cause.