MOISE, Justice.
The defendant appealed to the Court of Appeal for the First Circuit, from a judgment of the trial court, ordering a partition of a tract of land, and improvements, located in East Baton Rouge Parish. The Court of Appeal for the First Circuit, 71 So.2d 363, remanded the cause to the Nineteenth Judicial District Court in and for the Parish of East Baton Rouge, for the reception of evidence as to the value of the real estate in controversy. When the case was lodged in the Court of Appeal a second time, it found that the property was worth more than $2,000 and ordered the case transferred to the Supreme Court, 75 So.2d 901.
This Court, ex proprio motu, must determine whether it has appellate jurisdiction. Grace v. Boggs, 220 La. 22, 55 *991 So.2d 768; Nelson v. Continental Asphalt & Petroleum Co., 157 La. 491, 102 So. 583.
At the time the original trial of this case was concluded, and an appeal bond was furnished, the district court lost jurisdiction of this matter. Vaughn v. American Bank & Trust Co., 223 La. 479, 66 So.2d 4; Ilardo v. Agurs, 226 La. 613, 76 So.2d 904. Since the record did not affirmatively show that the Supreme Court had jurisdiction, the Court of Appeal should have entertained the appeal.
“ * * * the appeal properly lies to the Court of Appeal as that Court is vested with general appellate jurisdiction of all cases of which the District Courts have exclusive original jurisdiction and ‘of which the Supreme Court is not given jurisdiction. * * * ’ Section 29 of Article 7 of the Constitution; Bunol v. Bunol, 168 La. 391, 122 So. 121; Noe v. Maestri, 193 La. 382, 190 So. 588; Succession of Solari, 218 La. 671, 50 So.2d 801 and Board of Com’rs [of Port of New Orleans] v. Hibernia Nat. Bank, 219 La. 208, 52 So.2d 753.” Grace v. Boggs, 220 La, 22, 55 So.2d 768, 769.
 The remand to the district court by the Court of Appeal was improper. The following ruling pronounced in the case of Ilardo v. Agurs, 226 La. 613, 76 So.2d 904, 906, is applicable here:
“ * * * Remand by the Court of Appeal can only be had in aid of its appellate jurisdiction. No litigant has more than one appeal. Newspaper Feature Service, Inc., v. Southern Publishing Co., 13 Orleans App. 406. The order of the Court of Appeal to remand to the district court, as well as all proceedings taken there on remand, were unauthorized and illegal. Consequently, the case was never legally removed from the Court of Appeal, Second Circuit, where it was properly lodged on appeal. * * ” See, Beene v. Pardue, 226 La. 606, 76 So.2d 902; Succession of Jenkins (Jenkins v. Dykes), 230 La. 367, 88 So.2d 659.
For the reasons assigned, the order of the Court of Appeal for the First Circuit remanding this cause to the district court, for the purpose of fixing appellate jurisdiction, is annulled, and all proceedings had in the Nineteenth Judicial District Court pursuant to that order, are set aside, including the transfer to this Court resulting from those unauthorized proceedings. The clerk of this Court is ordered to transfer, forthwith, the record in this case to the Court of Appeal for the First Circuit, so that it may hear and dispose of the appeal in conformity with law. All costs to await the final determination of the cause.